JUAN MARI RAMOS, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1279.    Submitted December 3, 1951.—Decided December 7, 1951.

*Emilio Forestier Gregory* for appellant.    The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

A public deed entitled "Certificate of Correction of Area and Description," was presented for registration in the Reg-

istry of Property of Mayagüez. It set forth that Juan Mari Ramos owns a lot situated in the Salud Ward of Mayagüez having a frontage of 16 varas and a depth of 20 varas, that is, 320 square varas, equivalent to 300 square meters approximately, and that when said lot was surveyed according to a certificate which was attached to the deed, it appeared to have an area of 189.77 square meters. The Registrar refused to record the said deed in a decision which copied verbatim reads:

"Registration of the correction of area involved in this document, namely, deed No. 147, executed in Mayagüez on December 18, 1950, before Notary Emilio Forestier Gregory, is denied, after examining a survey certificate, on the following grounds:

"1. The property, according to the Registry, has an area of 300 square meters, and according to the survey certificate attached to the "Certificate of Correction of Area and Description," it has only 189.77 square meters, that is, 110.23 square meters less which rationally leads to believe that a segregation of 110.23 square meters, which has not been registered, was made, and which may have been subsequent to the effectiveness of the Subdivision Regulations, rendering necessary the corresponding plat approved by the Planning, Urbanizing and Zoning Board or the certificate showing that the Board had dispensed with the preparation of the plat, which complementary documents have not been presented in the Registry in order to record the description of the remainder of the property.

"2. Said segregation may have been done prior to the effectiveness of the Regulations, in which case the Planning Board need not intervene, but this fact has not been established by means of the corresponding deed.

"3. The survey certificate presented to account for the lesser area of the property is insufficient since it does not attribute the difference in area to a mathematical error or to an error in the system used in the original survey.

"4. If the difference in area is due to facts extraneous to error in the original survey, the survey certificate presented, which attributes the difference to the fact that part of the lot

was used to enlarge Tamarindo Street, is merely an affidavit which is not the proper document to establish such facts in the registry of property nor was it executed by the necessary parties.

"5. Subsequent to the effectiveness of the Subdivision Regulations, in order to decrease the area of an urban property in the Registry, it is necessary to present the documents which justify said decrease, together with the corresponding certificate issued by the Planning Board or a survey certificate which may prove beyond any doubt that an error was committed in the original survey which fundamentally altered the area. The proper cautionary notice for the statutory period is entered, . . . ."

Mari Ramos filed an administrative appeal from the decision of the Registrar under the Act of March 1, 1902 (Revised Statutes, 1911, § 2180 *et seq.*).

■■ The Registrar acted correctly. Pursuant to § 24 of Act No. 213 of May 12, 1942 (Sess. Laws, p. 1106), as amended by Act No. 388 of May 11, 1950 (Sess. Laws, pp. 904, 920) ". . . *No registrar shall receive for record any plat of a subdivision not finally approved and signed by the Board, or any conveyance of, or agreement to convey, a parcel of land or interest therein within a subdivision, unless a final or preliminary plat approved by the Board shall have been recorded.*" [1]  (Italics ours.)  That provision vests no discretion in the registrar. *Ramos* v. *Registrar*, 69 P.R.R. 660.  If pursuant to the entries of the registry the lot in question has an area of 300 square meters, and pursuant to the deed in question it has an area of only 189.77 square meters, it is only too clear that 110.23 square meters are missing. It could be logically inferred therefrom that there has been a segregation, and that such segregation might have been made subsequent to September 5, 1944, the effective date of the

[1] In the amendment introduced to § 24 of Act No. 213 of 1942 by Act No. 434 of 1951 (Sess. Laws, pp. 1226, 1238), the paragraph copied above is couched in identical terms.

Subdivision Regulations. If such is the case, as we said in *Rodríguez* v. *Registrar*, 66 P.R.R. 727, 731, ". . . a plat must have been made and submitted to the Planning Board for its approval or the proper certificate must have been obtained in order to establish that the Board dispensed with its presentation." Had the segregation been made prior to the effectiveness of the Subdivision Regulations, the intervention of the Planning Board would, of course, be unnecessary. *Alicea* v. *Registrar*, 71 P.R.R. 554, *Matos* v. *Planning Board*, 66 P.R.R. 417. But in that case the corresponding deed of segregation showing the date on which the segregation was made should have been also presented. Such a deed has not been presented here.

██ On the other hand, if the area originally attributed to the lot is incorrect, that fact should have been settled through the corresponding survey certificate. *Rodríguez* v. *Registrar, supra*. Far from doing that, the survey certificate signed by surveyor Sigfredo Torres, attached to the Explanatory Deed, merely states "that on December 6, 1950 I surveyed a lot owned by Juan Mari Ramos located in San Rafael Street, at the corner of Tamarindo in Mayagüez, and after notifying the adjoining owners and examining Mr. Mari's title, this lot physically had an exact area of 189 square meters and 77 square centimeters," said surveyor certifying further "that I am personally certain that ever since this lot came into Mr. Mari Ramos' possession, it has not undergone any segregation or modification and that the deficit is due to the fact that part of this lot was used to enlarge Tamarindo Street which was formerly an alley." The surveyor does not state in his certificate that the area attributed to the lot in its previous description was incorrect and that the true area thereof was 189.77 square meters. He only states, we repeat, something that he claims to know of his own knowledge. Such a certificate has the effect and scope of an affidavit, and the same is not the appropriate document to establish facts in the registry. *Santaliz* v.

834

*Registrar*, 71 P.R.R. 78; *Alicea* v. *Registrar, supra; Pereira* v. *Registrar*, 28 P.R.R. 31, and *Brac* v. *Registrar*, 23 P.R.R. 696.

The decision appealed from will be affirmed.